UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STUART JAMES MACKIE, SUSAN
MACKIE,

                              Plaintiffs,

      v.

TRUCKEE CARSON IRRIGATION
DISTRICT, RUSTY D. JARDINE, AND
MICHAEL J. VAN ZANDT ,

                              Defendants.

Case No. 3:16-cv-00031-MMD-VPC

ORDER

## I.   SUMMARY

On January 25, 2016, Plaintiffs filed a complaint against Defendants alleging that Defendants breached a contract by refusing to deliver water resulting in damages totaling $4,300,000. (Dkt. no. 1 at 1-4.) On February 2, 2016, Plaintiffs filed a motion for an *ex parte* temporary restraining order ("TRO") and a motion for preliminary injunction asking this Court to enjoin enforcement of an order issued by the Tenth Judicial District Court in Churchill County (collectively, "Motions"). (Dkt. nos. 3, 4.)[1] For the following reasons, the Motions are denied.

## II.   BACKGROUND

The relevant background facts are taken from Plaintiffs' complaint and motion for TRO. Plaintiffs allege that they had a contractual relationship with the Truckee Carson Irrigation District ("TCID") wherein TCID delivered water to Plaintiffs. (Dkt. no. 1 at 1.)

---

[1]The Motions are identical.

According to Plaintiffs, TCID failed to deliver water for several seasons, which resulted in economic damages of $4,300,000. (*Id.*)

Plaintiffs filed financing statements with the Nevada Secretary of State claiming a perfected claim for damages against TCID in the amount of $4,300,000. (Dkt. no. 1 at 18, 20.) TCID filed suit against Plaintiffs in state court and obtained an *ex parte* restraining order from a district court in Churchill County. (*Id.* at 6 – 7.) The restraining order allowed TCID to terminate the financing statements and enjoined Plaintiffs from filing any further statements claiming a secured interest in TCID's assets. (*Id.*)

## III.   DISCUSSION

Plaintiffs now ask this Court to enjoin the state court's order for three reasons. First, Plaintiffs allege that they were not properly served. Next, they allege that TDIC's attorneys have not shown that they were licensed to practice law. And last, they argue that because the judge in the case did not comply with Plaintiffs' request to place a certificate of election, oath of office, and copy of his official public bond into the record, he lacked qualification to act as a judge, and therefore his orders amount to "a clear imposition of involuntary servitude, slavery." (Dkt. no. 3 at 2-3.)

### A.   Legal Standard

Federal Rule of Civil Procedure 65 allows a court to issue a TRO and preliminary injunction. "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008). To obtain injunctive relief, such as a preliminary injunction or a TRO, a plaintiff must demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Id.* at 20; *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

Rule 65(b)(1) of the Federal Rules of Civil Procedure dictates when a court may issue a TRO without notice. Under Rule 65(b)(1), Plaintiffs must provide "specific facts

in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Additionally, Local Rule 7-5(b) requires that all *ex parte* motions must contain a statement demonstrating good cause why the request was submitted without notice to the opposing party.

### B. Analysis

As an initial matter, the Court finds that Plaintiffs have failed to meet the requirements for an *ex parte* motion. Plaintiffs have not included a statement demonstrating good cause why their request should be considered without providing notice to Defendants, nor is it clear from the documents provided that good cause exists.

Furthermore, Plaintiffs' Motions ask the Court to exercise jurisdiction which it does not possess. The *Rooker-Feldman* doctrine states that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *Feldman*, 460 U.S. at 482.

The *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Ninth Circuit has explained that "[a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its

///

3

judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

Plaintiffs' requests for relief are entirely based on a decision against them in ongoing litigation in a state trial court. This Court is barred from considering such claims by the *Rooker-Feldman* doctrine.

## IV.   CONCLUSION

It is therefore ordered that Plaintiffs' motions for an *ex parte* temporary restraining order and a preliminary injunction (dkt. nos. 3, 4) are denied.

DATED THIS 5th day of February 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4